IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANGELA KELLY                                                                          PLAINTIFF

V.                                                              NO. 4:16-CV-215-DMB-JMV

DEDICATED LOGISTICS, LLC, et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This motor vehicle action is before the Court on Angela Kelly's motion to remand, Doc. #11, and her motion to dismiss, Doc. #13.

## I
## Factual and Procedural History

On September 29, 2016, Angela Kelly filed a complaint in the Circuit Court of Washington County, Mississippi, against Louis Jeffrey Hill and Dedicated Logistics, LLC. Doc. #2. In the complaint, Kelly alleges that on or about December 17, 2014, Hill, operating an 18-wheeler for his employer Dedicated Logistics, struck her BMW, causing her to suffer serious bodily injuries, and that Hill drove away from the accident. *Id*. at ¶¶ 8–10.

Kelly served the complaint on Dedicated Logistics on October 18, 2016. Doc. # 14 at 1. Fourteen days later, Dedicated Logistics filed a notice of removal alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. #1 at ¶¶ 3–6. At the time of removal, Hill, a Mississippi resident, had not been served with process despite Kelly's attempts to effect service. Hill was effectively served on November 15, 2016. Doc. #8. On November 16, 2016, Hill consented to and joined Dedicated Logistics' removal and answered the complaint. Doc. #9; Doc. #10.

On November 22, 2016, Kelly moved to remand. Doc. #11. On November 28, 2016, Kelly filed a motion for voluntary dismissal, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Doc. #13.

# II
# Analysis

## A. Motion to Remand

In her remand motion,[1] Kelly argues Dedicated Logistics' removal violates the forum defendant rule found in 28 U.S.C. § 1441(b)(2) but throughout her brief, she relies on case law concerning diversity of citizenship under 28 U.S.C. § 1332.[2]

As to diversity jurisdiction, there is no dispute that this action is between citizens of different states and involves an amount in controversy greater than $75,000.00. Doc. #1; Doc. #2. Accordingly, this Court has diversity jurisdiction over the action. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The "forum-defendant rule" provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule is procedural and not jurisdictional. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009).

When Congress added the "properly joined and served" language to § 1441 in 1948, it provided no explanation for doing so in the published legislative history. *See Sullivan v.*

---

[1] Citing the wrong local rule, Kelly's remand motion states that "Local Rule 7.2" requires a supporting memorandum but requests that due to the nature of the motion to remand, "the requirement be waived given points and authorities included in this motion." Doc. #11; *see* L.U. Civ. R. 7(b)(4) ("At the time the motion is served, … counsel for movant must file a memorandum brief in support of the motion."). Under this Court's local rules, "a motion may not exceed four pages, … may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority." L.U. Civ. R. 7(b)(2)(B). Thus, Kelly has not only failed to submit a separate supporting memorandum brief but also has violated other mandates of Local Rule 7(b)(2)(B). Kelly's motion to dismiss suffers from the same defects. The Court could deny Kelly's motions and/or impose sanctions against her counsel on these grounds alone. *See* Preamble to Local Rules ("Attorneys practicing before the district courts of Mississippi are charged with the responsibility of knowing the LOCAL RULES, … and may be sanctioned for failing to comply with them."); L.U. Civ. R. 7(b)(4) ("Failure to timely submit the required motion documents may result in the denial of the motion."). The Court cautions counsel that future filings which fail to comply with the local rules will risk not being considered by the Court.

[2] Kelly's arguments concerning fraudulent joinder are not on point as these cases likewise concern diversity jurisdiction and not the forum defendant rule.

*Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 644 (D.N.J. 2008). Multiple courts, however, have interpreted the amendment as an effort to prevent gamesmanship by plaintiffs. *See id*. at 643 (collecting cases). In the view of these courts, Congress added the language "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Id*. at 645.

Generally, when an action is removed to federal court before the forum defendant is "properly joined and served," the forum defendant rule does not require remand. *See, e.g., Ott v. Consol. Freightways Corp. of Delaware*, 213 F.Supp.2d 662, 666 (S.D. Miss. 2002). However, consistent with the anti-gamesmanship view, courts from this circuit have "taken a skeptical view of the 'properly joined and served' language when it appears that the defense is taking improper advantage of the exception to circumvent the forum defendant rule by removing the action before service of the forum defendant." *Gorman v. Schiele*, No. 15-00790, 2016 WL 3583645, at *3 (M.D. La. June 8, 2016) (collecting cases), *adopted by* 2016 WL 3580669 (M.D. La. June 28, 2016). This skepticism notwithstanding, only a minority of courts in this circuit and elsewhere have held that when defendants engage in forum manipulation, remand is warranted regardless of service on the forum defendant. *See Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F.Supp.3d 838, 842–43 (W.D. Tex. 2015) (collecting cases).

The Court need not decide today whether forum manipulation would warrant remand under the forum defendant rule because forum manipulation by Dedicated Logistics has not been established. Kelly argues, in conclusory fashion, that Dedicated Logistics "strategically filed its notice of removal before service of process of Hill in order to evade the forum defendant rule." Generally, forum manipulation has been found when a defendant "sought to circumvent the forum-defendant rule by strategically filing for removal before the plaintiffs were able to serve

3

the forum defendant." *See, e.g., Reynolds*, 139 F.Supp.3d at 842–43 (gamesmanship shown by removal prior to service or extremely quick removal after service). Here, Dedicated Logistics filed its notice of removal fourteen days after service. There is no indication that Dedicated Logistics intended or attempted to circumvent the forum defendant rule or that Kelly could not have accomplished service on Hill within fourteen days.

Because Hill had not been served at the time of removal, the Court concludes that Dedicated Logistics' removal did not violate the forum defendant rule and, therefore, removal was proper. Accordingly, Kelly's motion to remand will be denied.[3]

### B. Motion for Voluntary Dismissal

The Court now turns to Kelly's motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure Rule 41(a)(2).

"[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit*." *Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 317 (5th Cir. 2002) (emphasis added). "It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Manshack v. Sw. Elec. Power Co*., 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)). In the absence of plain legal prejudice, a court "should generally, absent some evidence of abuse by the movant, grant the motion." *Elbaor*, 279 F.3d at 317. Dismissal, however, may be inappropriate if it would cause the defendant to lose a "substantial right." *Durham v. Fla. E. Coast Ry. Co*., 385 F.2d 366, 368 (5th Cir. 1967)). Another relevant consideration is whether the plaintiff's counsel has acted in bad faith. *Id*.

Dedicated Logistics argues that (1) Kelly's express purpose of dismissal is to "re-file,

---

[3] Because the Court denies Kelly's motion to remand, the Court does not address Dedicated Logistics' argument that Kelly waived an objection to this Court's jurisdiction.

4

serve the instate, resident defendants [sic] FIRST, and prosecute this cause in Mississippi state court where she original filed," which is impermissible forum shopping that would result in a plain legal prejudice, Doc. #19 at 5 (emphasis removed); and (2) it will suffer clear "prejudice of having to litigate in a venue where the Plaintiff's attorney enjoys substantial influence and popularity as the mayor of a city housing two-thirds of all residents within the jurisdiction" whereas the city's population accounts for only one-sixth of the jury pool from which venire will be drawn for this Court, *id*. at 10. The Court finds neither of these arguments persuasive.

### 1. Forum shopping

In arguing Kelly has engaged in forum manipulation, Dedicated Logistics relies on *Weathersby v. General Motors Corp*. No. 4:04-cv-298, 2006 WL 2865058 (N.D. Miss. Oct. 5 2006). In *Weathersby*, the district court denied the plaintiff's motion for voluntary dismissal on the ground that the requested dismissal amounted to forum shopping when she sought to refile a complaint in state court that would add a defendant, destroying diversity jurisdiction. 2006 WL 2865058, at *1. In so holding, the court found the plaintiff's forum shopping constituted "plain legal prejudice" because it "would deny [the defendant's] right to federal diversity jurisdiction when the plaintiff has never shown any interest in pursuing the in-state driver of the subject vehicle … until the plaintiff received adverse rulings by this court." *Id*.

Here, it cannot be said that Kelly has never shown any interest in pursuing the in-state driver of the subject vehicle. Furthermore, Kelly has not received adverse rulings from this Court. More important, Kelly, unlike the plaintiff in *Weathersby*, does not seek to amend her complaint to remove this case from federal jurisdiction. Rather, Kelly, without altering her complaint, seeks to invoke the procedural forum defendant rule and return this case to state court. Under these circumstances, the Court finds no plain legal prejudice in allowing dismissal.

5

*See Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) ("The fact that Nedlloyd faces the prospect of a trial in state court is ... insufficient to demonstrate legal prejudice."); *Holmes v. Lafayette*, No. 4:11-cv-021, 2013 WL 654449, at *2 (N.D. Miss. Feb. 21, 2013) (loss of federal forum by invoking forum defendant rule is not plain legal prejudice); *Goodwin v. Reynolds*, 757 F.3d 1216, 1220 (11th Cir. 2014) (when plaintiff "need not modify the substance of her action in order to irrefutably preclude a second removal," defendant's right of removal, if any, is not substantial).

Moreover, the Court finds Kelly's reason for dismissal is not forum shopping because (1) there is no indication Kelly or her counsel acted in bad faith, and (2) Kelly's reason does not frustrate the judicially-recognized policy of preventing gamesmanship underlying the "properly joined and served" language. Unlike the plaintiff in *Weathersby*, there is no indication that Kelly seeks to fraudulently join Hill to prevent the case from being heard in a federal forum. Indeed, there is every indication Kelly intends to prosecute her claims against Hill, who has now been properly served, and who was allegedly driving the 18-wheeler that struck Kelly's BMW. Under these circumstances, the Court's discretion under Rule 41(a)(2) is not constrained.

### 2. Statistical aberration

Regarding Dedicated Logistics' concerns about the jury pool, the Court notes that "[i]t is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). The availability of a more favorable jury pool would seem to fall squarely within the definition of a tactical advantage which does not rise to the level of plain legal prejudice. Furthermore, any "statistical aberration" in the make-up of the venire and the jury as a result of the alleged popularity and substantial influence of Kelly's counsel, as mayor, can be alleviated. The Mississippi Supreme Court in *Toyota Motor v.*

*McLaurin*, on which Dedicated Logistics relies, held that "[t]he circuit judge could have alleviated the problems presented in the instant case[, i.e., statistical aberration,] by enlarging the venire from which the jury was selected." 642 So. 2d 351, 358 (Miss. 1994). This Court sees nothing to prevent the Circuit Court of Washington County from doing the same thing if necessary. Thus, litigating against the Mayor of Greenville in Washington County does not amount to plain legal prejudice.

Because Rule 41(a)(2) motions for voluntary dismissal should be freely granted in the absence of plain legal prejudice, the Court finds that Kelly's motion should be granted.

### III
### Conclusion

For the reasons above, Kelly's motion to remand [11] is **DENIED** and her motion to dismiss [13] is **GRANTED**. This case is **DISMISSED without prejudice**.

**SO ORDERED**, this 5th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**